UNIQUE ART MANUFACTURING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9295.    Promulgated June 30, 1947.

*Samuel S. Starr, Esq.,* for the petitioner.
*Albert H. Monacelli, Esq.,* for the respondent.

#### OPINION.

ARUNDELL, *Judge*: This case involves an excess profits tax deficiency of $1,925.24 for the taxable year ended November 30, 1941. The question presented is whether certain income realized by the petitioner in a base period year was income derived from the retirement or discharge of any bond within the meaning of section 711 (b) (1) (C) of the Internal Revenue Code.

All the facts have been stipulated and, so far as pertinent to an understanding of the issue, may be summarized as follows:

Petitioner is a corporation, organized under the laws of New Jersey, with its principal place of business in Newark. Its return for the period here involved was made on the accrual basis and filed with the collector of internal revenue for the fifth district of New Jersey.

During the taxable year ended November 30, 1937, petitioner owned stock in the Victory Building & Loan Association of Newark, New Jersey. It was also indebted to the association in a total principal amount of $90,400, plus interest due of $904, the indebtedness being represented by a bond and mortgage on petitioner's realty situated at 198–204 Waverly Avenue, Newark, in the principal amount of $65,600, and a bond and mortgage on petitioner's realty situated at 12–36 Peshine Avenue, Newark, in the principal amount of $24,800. The indebtedness was outstanding for more than 18 months prior to the beginning of the taxable year ended November 30, 1937.

Between July 31 and September 30, 1937, petitioner purchased in the open market shares of stock in the Victory Building & Loan Association having a total face value of $64,850, paying therefor the sum of $32,425. On or about October 18, 1937, petitioner transferred that

stock at face value to the association, together with certain other shares of association stock it had previously owned, and made a cash payment of $10,000 to the association, in satisfaction of its indebtedness. Thereupon, the association returned the bonds and mortgages to petitioner as fully paid and satisfied.

In its return for the taxable year 1937 petitioner reported a profit of $32,425, representing the difference between what it paid for the association stock and the amount at which the stock was transferred to the association in satisfaction of the bonds and mortgages, as a short term capital gain; and the tax was assessed and paid on that basis.

In its return for the taxable year ended November 30, 1941, petitioner computed its excess profits credit on the income basis. In the return its excess profits net income for the base period year ended November 30, 1937, was reported as $79,727.97, which respondent reduced to $47,302.97 by eliminating the item of $32,425 in question as "income from retirement of indebtedness."

Section 711 (b) of the Internal Revenue Code provides for a number of adjustments to base period income where the taxpayer's excess profits credit is computed on average base period income. One of the adjustments is the exclusion of "income derived from the retirement or discharge by the taxpayer of any bond * * * or other evidence of indebtedness, if the obligation of the taxpayer has been outstanding for more than eighteen months." Section 711 (b) (1) (C). The sole issue here is whether petitioner's admitted income or gain of $32,425 in the base period year ended November 30, 1937, is to be excluded under that section.

Consistently with its treatment of the item in its return for the taxable year ended November 30, 1937, petitioner contends that the $32,425 was a short term capital gain realized upon the disposition of a capital asset, and we agree. Petitioner transferred stock to the association in consideration for the extinguishment of its liability. Where a capital asset is thus transferred, the difference between the amount of the liability extinguished and the transferor's basis of the asset is a capital gain or loss, for in each case the transaction is treated as if the transferor had sold the asset for cash equivalent to the amount of the debt and had applied the cash to the payment of the debt. *Peninsula Properties Co. Ltd.*, 47 B. T. A. 84; *Rogers* v. *Commissioner*, 103 Fed. (2d) 790.

Respondent contends that, since petitioner satisfied its indebtedness of $91,304 with cash and stock which cost it $58,879, the balance of $32,425 is "income due to the cancellation of indebtedness." The difficulty with this position is that there is no evidence whatever, and we can not infer from the stipulated facts as respondent would have us do, that the creditor intended to forgive or cancel any part of the

debt without payment therefor. The stipulated facts show that the creditor accepted the stock at face value, together with payment of cash, in full satisfaction of the indebtedness. A similar argument was made by the respondent in the *Peninsula Properties* case, *supra*. There the taxpayer acquired certain stock at a cost to it of $100,000 and in the same month transferred the stock to its creditor in complete satisfaction of an indebtedness of $182,000. The respondent contended that the stock was transferred in payment of $100,000 of the indebtedness and that the creditor gratuitously forgave the $82,000 balance of the obligation. The argument, however, was considered and rejected, and the $82,000 was held to be gain upon the sale or disposition of a capital asset.

We hold that the $32,425 in question was not income derived by petitioner from the retirement or discharge of its bonds within the meaning of section 711 (b) (1) (C).

*Decision will be entered under Rule 50.*